**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MAZEN HASAN AGHA,<br>on behalf of Plaintiff and a class, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| SHORE FUNDING<br>SOLUTIONS, INC.,<br>and JOHN DOES 1-10, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

## COMPLAINT – CLASS ACTION

## MATTERS COMMON TO MULTIPLE COUNTS

## INTRODUCTION

1.     Plaintiff brings this action to recover damages for violation of the Telephone Consumer Protection Act, 47 U.S.C. 227 ("TCPA"), and implementing FCC regulations, and the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA").

2.     Plaintiff complains that Defendant Shore Funding Solutions, Inc. ("SFS"), sent numerous telemarketing text message calls to Plaintiff even though he was on the National Do Not Call Registry, invading his privacy.

3.     In the early 1990s, Congress enacted the TCPA to protect consumers' privacy rights, namely, the right to be left alone from unwanted telemarketing calls. A leading sponsor of the TCPA described unwanted telemarketing calls as "the scourge of modern civilization." 137 Cong. Rec. 30821 (1991).

4.     The TCPA  affords special protections for people who registered their residential phone numbers on the National Do Not Call Registry. Specifically, the TCPA provides that each person who receives more than one text message call after being registered on the National Do Not Call Registry is entitled to recover damages of at least $500 per call, and up to $1,500 per call if the

TCPA is willfully or knowingly violated.

5.  From January 2021 until June 2021 alone, approximately 26.4 billion robocalls were placed in the United States. RobocallIndex.com, YouMail Robocall Index, https://robocallindex.com/history/time (last visited July 13, 2021). The private right of enforcement of the TCPA is critical to stopping the proliferation of these unwanted telemarketing text message calls.

## JURISDICTION AND VENUE

6.  This Court has jurisdiction under 28 U.S.C. §§1331 and 1367.  *Mims v. Arrow Financial Services, LLC*, 565 U.S. 368 (2012);  *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446  (7th Cir. 2005).

7.  Personal jurisdiction exists under 735 ILCS 5/2-209, in that Defendant has committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

8.  Venue in this District is proper for the same reason.

9.  Article III is satisfied by the receipt of harassing telemarketing calls.  *Gadelhak v. AT&T Servs.*, 950 F.3d 458 (7th Cir. 2020)

## PARTIES

10. Plaintiff Mazen Hasan Agha is a resident of Cook County.

11. Mr. Agha has had his cell phone with number ending in 9174 listed on the National Do Not Call Registry since prior to July 1, 2021.

12. Defendant SFS is a New York corporation with its principal office at 2 Huntington Quadrangle, Suite 1N15, Melville, NY 11747-4503. It is in the lending and financial services business.  Its agent for the service of process is Lauretta Teseo, 101 Sinn Street, Patchogue, NY 11772.

13. Defendants John Does 1-10 are other natural or artificial persons involved in the acts described below.  Plaintiff does not know who they are.

## FACTS

14.     Plaintiff is the subscriber, payor and user of a cell phone XXX-XXX-9174.  He used it as his general phone, and it qualifies as a residential phone.

15.     On at least the following dates, Defendant SFS transmitted text message calls to Plaintiff for the purpose of selling financial services (Exhibit A):

        a.     August 4, 2021, at 11:03 a.m.

        b.     August 17, 2021, at 11:02 a.m.

        c.     September 13, 2021, at 1:03 p.m.

        d.     September 16, 2021, at 2:21 p.m.

16.     Plaintiff did not consent to such text message calls.

17.     Plaintiff did not provide his number to Defendant.

18.     Plaintiff  had no prior business relationship with SFS.

19.     Plaintiff  never inquired of SFS about any products or services.

20.     Defendant's conduct violated the privacy rights of Plaintiff, in that he was subjected to annoying and harassing text message calls and the text message calls took time to receive and read. Defendant's text message calls to Plaintiff  intruded upon the rights of Plaintiff to be free from invasion of his interest in seclusion.

21.     Defendant's conduct caused Plaintiff and the putative class members to waste time and energy addressing and/or otherwise responding to the unwanted text message calls.  By transmitting text message calls to Plaintiff, Defendant caused Plaintiff and the putative class members actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited and harassing text message calls, consumption of electricity in cost per-kilowatt required to charge the cell phone, consumption of money or purchased blocks of the text message calls, and wear and tear on the telephone equipment.

22.     The FCC has also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.  *In re Rules and Regulations Implementing the*

*Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014, 14115 (¶ 165) (2003).

23.     The TCPA enacted to protect consumers from unwanted and unsolicited text message calls exactly like those alleged in this case.

24.     Defendant either negligently or willfully violated the rights of Plaintiff and other recipients by transmitting text message calls.

## COUNT I – TCPA

25.     Plaintiff incorporates paragraphs 1-24.

26.     The TCPA provides that is a violation of the law for a person whose phone number is registered on the National Do Not Call Registry to receive more than one call or text message on their cell phone "within any 12-month period by or on behalf of the same entity." See 47 U.S.C. §§227(c)(1), (c)(5); 47 C.F.R. §64.1200(c)(ii).

27.     Statutory damages for each text message calls transmitted in violation of the TCPA's restrictions on sending messages to cell phone numbers registered on the National Do Not Call Registry are $500 per text message call and up to $1,500 per text message call if the violation is determined to be willful. See 47 U.S.C. §227(c)(5).

28.     In addition, the TCPA allows the Court to enjoin Defendant's violations of the TCPA's regulations prohibiting the transmission of text message calls to cell phone numbers registered on the National Do Not Call Registry. See 47 U.S.C. §227(c)(5)(A).

29.     By sending text message calls to the phone of Plaintiff after his number was registered on the National Do Not Call Registry, Defendant violated the TCPA, including, but not limited to, 47 U.S.C. §227(c)(1) and the implementing regulations.

## CLASS ALLEGATIONS

30.     Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and (b)(3).

31.     The class consists of (a) all persons (b) who, on or after a date four years prior to

the filing of this action (28 U.S.C. §1658), (c) were sent more than one text message call by or on behalf of Defendant within any 12-month period (d) which offered loans or financial services (e) at phone numbers that had been on the National Do Not Call Registry for more than 31 days prior to the text message call.

32.     The class is so numerous that joinder of all members is impractical.  Plaintiff alleges on information and belief that there are more than 40 members of the class.

33.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:

a.     How Defendant compiled or obtained the list of persons called;

b.     Whether Defendant screened the list of persons called against the National Do Not Call Registry;

c.     Whether Defendant engaged in a pattern of sending text message calls to numbers on the National Do Not Call Registry;

d.     Whether Defendant thereby violated the TCPA;

e.     Whether Defendant thereby engaged in unfair  acts and practices, in violation of the ICFA.

f.     Identification and involvement of the Does.

34.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving TCPA violations and other unlawful business practices.  Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

35.     Plaintiff's claims are typical of the claims of the class members.  All have the same legal and factual basis.

36.     A class action is a superior method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

37.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class and against Defendants for:

       i.      Statutory damages;

      ii.     An injunction against further text message calls to telephones on the National Do Not Call Registry;

     iii.    Costs of suit;

     iv.    Such other or further relief as the Court deems just and proper.

## COUNT II – ILLINOIS CONSUMER FRAUD ACT

38.     Plaintiff incorporates ¶¶ 1-24.

39.     Defendant engaged in unfair acts and practices, in violation of §2 of the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), by making text message calls to numbers on the National Do Not Call Registry.

40.     Such calls are contrary to the TCPA.

41.     Defendant engaged in an unfair practice by engaging in conduct that is contrary to public policy, unscrupulous, and caused injury to recipients.

42.     Plaintiff and each class member suffered damages as a result of receipt of the unsolicited text message calls. Plaintiff's phone was also unusable for the duration of the text message calls. Plaintiff's statutory right of privacy was invaded.

43.     Defendant engaged in such conduct in the course of trade and commerce.

44.     Defendant should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

45.     Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and (b)(3).

46.     The class consists of (a) all persons with phone numbers in Illinois area codes (b)

who, on or after a date three years prior to the filing of this action (815 ILCS 505/10a), (c) were sent more than one text message or call by or on behalf of Defendant within any 12-month period (d) which offered loans or financial services (e) at phone numbers that had been on the National Do Not Call Registry for more than 31 days prior to the text message call.

47.     The class is so numerous that joinder of all members is impractical.  Plaintiff alleges on information and belief that there are more than 40 members of the class.

48.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:

        a.      How Defendant compiled or obtained the list of persons called;

        b.      Whether Defendant screened the list of persons called against the National Do Not Call Registry;

        c.      Whether Defendant engaged in a pattern of sending text message calls to numbers on the National Do Not Call Registry;

        d.      Whether Defendant thereby violated the TCPA;

        e.      Whether Defendant thereby engaged in unfair  acts and practices, in violation of the ICFA.

        f.      Identification and involvement of the Does.

49.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving TCPA violations and other unlawful business practices.  Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

50.     Plaintiff's claims are typical of the claims of the class members.  All have the same legal and factual basis

51.     A class action is a superior method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate

claims against defendants is small because it is not economically feasible to bring individual actions.

52.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class and against Defendants for:

        i.      Actual damages;

        ii.     Punitive damages;

        iii.    An injunction against further text message calls to numbers on the National Do Not Call Registry;

        iv.     Attorney's fees, litigation expenses and costs of suit;

        v.      Such other or further relief as the Court deems just and proper.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman (ARDC 0712094)
Heather Kolbus (ARDC 6278239 )
Stephen J. Pigozzi (ARDC 6331482)
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com

-8-

## <u>NOTICE OF LIEN AND ASSIGNMENT</u>

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.


<u>/s/ Daniel A. Edelman</u>
Daniel A. Edelman


Daniel A. Edelman
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)